UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER L. WHALEY,

      Plaintiff,

v.                                    Case No:   2:17-cv-324-FtM-38CM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiff's Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. 2412(d)[2] timely[3] filed on November 9,

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[3] Under 28 U.S.C. § 2412(d)(1)(B), a motion for attorneys' fees must be filed within thirty (30) days of final judgment. The "thirty-day time limit commences to run when the [Government]'s time for taking an appeal from the post-remand judgment expires." *Myers v. Sullivan*, 916 F.2d 659, 672 (11th Cir. 1990). Federal Rule of Appellate Procedure 4(a)(1)(B) provides that an appeal may be filed within sixty (60) days of the entry of judgment or order appealed from if one of the parties is a United States agency, officer or employee in an official capacity. Here, the Commissioner's time for taking an appeal expired on October 16, 2018, and Plaintiff had until November 15, 2018 to file her petition for attorneys' fees

2018. Doc. 26. Plaintiff moves pursuant to the EAJA for an award of attorney's fees in the amount of $7,909.87. *Id.* at 1. Plaintiff includes an itemization of time confirming a total of 40.20 hours of attorney time performed in 2017 and 2018 expended at the hourly rates of $196.25 and $200.00, respectively. *Id.* at 3, 16-18. Plaintiff states the Commissioner does not oppose the requested relief. *Id.* at 4. For the reasons stated herein, the motion will be granted.

Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than two million dollars at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

In this case, on August 1, 2018, the undersigned entered a Report and Recommendation recommending this case be reversed and remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 23. On August 16, 2018, the Honorable Sheri Polster Chappell entered an Order accepting and adopting the Report and Recommendation, reversing and remanding the decision to the Commissioner. Doc. 24. Judgment was entered on August 17, 2018. Doc. 25. Plaintiff asserts that the Commissioner's position in the underlying action was not substantially justified, and Plaintiff's net worth at the commencement of this case was less than two million dollars. Doc. 26 at 2, 21-22.

---

under the EAJA.

The Commissioner does not contest that Plaintiff meets the requirements under the EAJA. *See* Doc. 23 at 4.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff's counsel is requesting an adjusted hourly rate that is authorized by applying the cost-of-living adjustment to the $125.00 ceiling for work performed during 2017 and 2018. Doc. 26 at 2-3. Because the Commissioner does not object to the adjusted hourly rate sought and it is within the rates permitted by the EAJA, the Court recommends $196.25 for 2017 and $200.00 for 2018 are appropriate and reasonable hourly rates for those years. Plaintiff's counsel also has submitted a schedule of hours that includes an itemization of legal services performed. *Id.* at 16-18. After reviewing the descriptions of the services provided, the Court also recommends the time is reasonable and properly compensable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. Plaintiff's Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. 2412(d) (Doc. 26) be **GRANTED**, and attorneys' fees in the total amount of **$7,909.87** be awarded to Plaintiff pursuant to the EAJA, 28 U.S.C. § 2412(d);

2. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel;

3. The Clerk be directed to enter judgment for Plaintiff as to attorneys' fees in the amount of **$7,909.87** under the EAJA, 28 U.S.C. § 2412(d).

**DONE** and **ENTERED** in Fort Myers, Florida on this 13th day of November, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record